**RECORD NO. 13-4034**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DANIEL MCRAE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE HONORABLE PETER J. MESSITTE, USDJ, PRESIDING

**OPENING BRIEF OF APPELLANT
DANIEL MCRAE**

Andrew R. Szekely
LAW OFFICES OF
ANDREW R. SZEKELY, LLC
7501 Greenway Center Drive, Suite 460
Greenbelt, Maryland 20770
(301) 358-1048 Telephone
andrew@aszekelylaw.com

*Counsel for Appellant*

June 24, 2013

# TABLE OF CONTENTS

Table of Contents ...................................................................................................... i

Table of Authorities ................................................................................................. ii

Subject Matter and Appellate Jurisdiction .............................................................. 1

Statement of the Issue .............................................................................................. 1

Statement of the Case .............................................................................................. 1

Statement on Facts ................................................................................................... 2

Summary of Argument ............................................................................................ 7

Argument .................................................................................................................. 7

   I.   Standard of Review ....................................................................................... 7

   II.   Discussion ..................................................................................................... 8

Conclusion .............................................................................................................. 11

Request for Oral Argument .................................................................................... 11

Certificate of Compliance ...................................................................................... 13

Certificate of Service ............................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Gall v. United States,* 552 U.S. 38 (2007) ................................................................. 8, 9, 11

*Koon v. United States,* 518 U.S. 81 (1996) ....................................................................... 11

*United States v. Herder,* 594 F.3d 352 (4th Cir. 2010) ...................................................... 8

*United States v. Mendoza–Mendoza,* 597 F.3d 212 (4th Cir. 2010) ............................. 7, 8

*United States v. Olhovsky,* 562 F.3d 530 (3rd Cir. 2009) ................................................. 8

**Statutes**

18 U.S.C. § 2133(a) ............................................................................................................. 1

18 U.S.C. § 3231 ................................................................................................................. 1

18 U.S.C. § 3553(a) .............................................................................................. 6, 7, 9, 10

28 U.S.C. § 1291 ................................................................................................................. 1

**Rules**

Fed.R.App.P. 10(c) .............................................................................................................. 2

Fed.R.Crim.P. 11 ................................................................................................................. 3

**Miscellaneous**

Anno, B, Jaye et. al, Correctional Health Care (2004) .................................................... 10

## SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. Final judgment was entered on January 14, 2013. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Mr. McRae noted a timely appeal in this case on January 11, 2013.

## STATEMENT OF THE ISSUE

Whether the district court imposed a substantively unreasonable sentence of 169 months' incarceration in light of Mr. McRae's age, history of trauma, past periods of law-abiding sobriety, and present medical conditions.

## STATEMENT OF THE CASE

On March 22, 2010, a grand jury for the District of Maryland handed up a one-count indictment charging Appellant Daniel McRae with Bank Robbery, in violation of 18 U.S.C. § 2133(a). JA at 11. On April 25, 2012, Mr. McRae, pursuant to a written plea agreement, appeared before the Honorable Peter J. Messitte and entered a plea of guilty to the sole count of the indictment.

On January 7, 2013, Mr. McRae appeared before the district court for sentencing. At that time, the district court imposed a sentence of 169 months' incarceration to be followed by a 3-year period of supervised release. Mr. McRae

noted a timely appeal on January 11, 2013. The district court docketed the final judgment on January 14, 2013.

Following Mr. McRae noting his appeal, the district court learned that the electronic recording equipment used during Mr. McRae's sentencing malfunctioned and there was no audible recording of the proceeding. This Court stayed Mr. McRae's appeal and the district court, pursuant to Fed.R.App.P. 10(c), directed Mr. McRae to submit a proposed statement of evidence detailing the sentencing proceeding. Mr. McRae filed his statement on March 22, 2013. The Government opted not to file a responsive pleading. On May 24, 2013, the district court adopted Mr. McRae's proposed statement of evidence and it was incorporated into the appellate record in this case in lieu of a transcript of the sentencing hearing. JA at 19-24.

## STATEMENT ON FACTS

At Mr. McRae's April 25, 2012, rearraignment, he agreed to the following facts as to the offense in this case:

> On or about December 14, 2009, [Mr. McRae] entered the Chevy Chase Bank branch located at 13600 Baltimore Avenue, Suite 800, in Laurel, Maryland. The Chevy Chase Bank was owned by Capital One, whose deposits were insured by the Federal Deposit Insurance Corporation. The Defendant approached the bank teller and passed her a note, which indicated that he was robbing the bank.
>
> Mr. McRae then demanded — the note that Mr. McRae submitted demanded large bills, specifying that the

2

> teller was to take bills from the bottom drawer. At this time, Mr. McRae had a hand in his pocket and gestured to the teller to make it look like he had a gun.
>
> The teller gave Mr. McRae $8,150 in Chevy Chase Bank bonds. Mr. McRae, thereby obtained by force, violence and intimidation money belonging to and in the care, custody, control, management and possession of the bank.
>
> Mr. McRae fled the bank in a Ford Mustang. Another teller observed the robbery and it was captured on bank surveillance footage. Mr. McRae's estranged wife worked for Chevy Chase Bank as a District Operation Support Officer overseeing 24 branches, including their security.
>
> When provided with surveillance photos of the individual that robbed the bank, Mr. McRae's wife immediately reported the individual as being the Defendant. The bank tellers who observed the robbery were presented with a photo lineup and identified the Defendant as the person who robbed the bank. Law enforcement immediately apprehended the Defendant and interviewed him.
>
> Mr. McRae waived his rights voluntarily and stated that he may have robbed the bank. Mr. McRae identified the person in the bank surveillance photos as himself. Law enforcement officers recovered various items of clothing from Mr. McRae that were worn during the robbery and could be seen in the bank surveillance footage. This is what would be proven at trial, Judge.

4/25/2012 Tr. at 25-26.

Having already conducted a colloquy pursuant to Fed.R.Crim.P. 11, *Id.* at 8-24, the District Court found that Mr. McRae was freely and voluntarily entering into the guilty plea. *Id.* at 27-28.

3

Prior to sentencing, Mr. McRae filed a Memorandum in Support of Sentencing along with supporting exhibits. JA at 47-109. That Memorandum relied heavily on a report drafted by Gail Reid, a licensed social worker engaged by Mr. McRae to assist with sentencing. JA at 59-66.

The report detailed Mr. McRae's troubled and chaotic early years. After both of his parents passed away, Mr. McRae entered the District of Columbia's dysfunctional child welfare system. JA at 60. The report detailed the trauma experienced by Mr. McRae as having been a victim of sexual abuse at the hands of his family, acquaintances, and later by other children housed the D.C. Junior Village. JA at 61-62. The Junior Village was described as a "concentration camp for homeless children[,]" in a series of news accounts detailing the abuses suffered by children at the facility that eventually led to its closure. JA at 72-107.

Ms. Reid further reported that Mr. McRae performed well in school and in the Boy Scouts. JA at 61. His involvement in scouting eventually led to his placement in a foster home in Virginia. *Id.* at 62. Mr. McRae later moved in with one of his older brothers, but due his improper behavior, his brother put him out of the house and Mr. McRae was homeless for much of his last year of high school. JA at 62.

Despite these challenges, Mr. McRae received a college scholarship, but he left school and returned to live with another of his brothers. *Id.* At this time, he

4

began more heavily using drugs. *Id*. During these years, Mr. McRae began living a life Ms. Reid characterized as having "extremes in functioning." *Id*. at 63.

These extremes are best illustrated by comparing the years following his 1994 marriage to his present situation. Beginning in 1994 and lasting for many years, Mr. McRae maintained stable employment, was raising his children, was involved in church activities, and generally achieved a stable life. *Id* at 64. In time however, Mr. McRae began using drugs again and soon began committing a series of crimes over a several-year period, leading to jail sentences, and eventually the bank robbery in this case.

Based on his life history and a review of available records, Ms. Reid diagnosed Mr. McRae with Polysubstance Dependence, recurrent Major Depressive Disorder, and chronic Post-Traumatic Stress Disorder. *Id*. at 65. Ms. Reid concluded that with "appropriate treatment and education" Mr. McRae would "be able to resume his place in society as a productive and law abiding member." *Id*. at 65-66.

Mr. McRae appeared for sentencing on January 7, 2013. At the hearing, the district court first found, in accordance with the Presentence Report, that Mr. McRae was a career offender based on two prior convictions for crimes of violence. JA at 20, 34. The advisory sentencing guidelines range was therefore established as 151 to 188 months' incarceration. JA at 20, 36.

5

The district court then heard argument regarding what sentence it should impose. Mr. McRae, relying in large part on Ms. Reid's report as well as the disparity between Mr. McRae's advisory sentencing guidelines range of 151-188 months and his non-career offender range of 63-78 months, argued that a 120-month sentence was proper in this case. JA at 20. Based on this disparity and the lack of any prior integrated treatment for his dual substance abuse and mental health issues, the Appellant argued that a sentence of 120 months' incarceration would have been adequate to meet 18 U.S.C. § 3553(a)'s sentencing goals, provided that Mr. McRae received a recommendation to receive such treatment while incarcerated. *Id.* at 21.

The Government argued that Mr. McRae should receive a sentence of 188 months' incarceration based on the seriousness of his prior criminal record. *Id.* The Government's argument was based on both the number and nature of Mr. McRae's prior criminal conduct combined with the nature of the charge in this case. *Id.* at 21-22.

Finally, Mr. McRae exercised his right to allocute. *Id.* at 22. He discussed his troubled childhood, his past sobriety, and his health problems in asking the Court to impose a lesser sentence than the one sought by the Government. *Id.*

The district court then outlined its reasons for imposing a 169-month sentence of incarceration. First, it noted that Mr. McRae's arguments in support of a downward variance from the advisory sentencing guidelines range did not

6

persuade the district court to impose a sentence below the career offender range. Specifically, the district court found that Mr. McRae had a pattern of making bad choices and not learning from his past mistakes. *Id.* The district court also noted that Mr. McRae's serious criminal record was somewhat balanced by his age such that a sentence at the middle of the range, 159 months' incarceration, would be sufficient to ensure that upon release Mr. McRae would be too elderly to commit any future serious offenses. *Id.*

## SUMMARY OF ARGUMENT

The district court's 169-month sentence of incarceration is substantively unreasonable as the sentencing goals of 18 U.S.C. § 3553(a) could have been satisfied by a 120-month sentence. Specifically, the district court did not accord proper weight to Mr. McRae's age, medical condition, childhood trauma, and previous long-term sobriety. By not giving those factors proper weight, the district court imposed an unduly harsh and unreasonable sentence.

## ARGUMENT

### I. Standard of Review

To determine whether a sentence is substantively reasonable, courts of appeal must examine the totality of the circumstances and ask whether the sentencing court abused its discretion in applying the factors in 18 U.S.C. § 3553(a). See *United States v. Mendoza–Mendoza*, 597 F.3d 212, 216 (4th Cir.

7

2010); *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed.2d 445 (2007). "If the sentence is within the Guidelines range, a court may, but is not required to, apply a presumption of reasonableness to the sentence." *Gall*, 552 U.S. at 51, emphasis added; but see, *Mendoza–Mendoza*, 597 F.3d at 217 (we may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable), citing, *United States v. Herder*, 594 F.3d 352, 361-62 (4th Cir. 2010)("[T]he Supreme Court held that appellate courts could infer that a sentence within the applicable advisory Guidelines range is presumptively reasonable. We have employed this principle.").

**II. Discussion**

"It is not severe punishment that promotes respect for the law, it is appropriate punishment. Although there are clearly times when anything less than severe punishment undermines respect for the law, it is just as certain that unduly severe punishment can negatively affect the public's attitude toward the law and toward the criminal justice system." *United States v. Olhovsky*, 562 F.3d 530, 551 (3rd Cir. 2009). The sentence in this case is an example of an unduly severe punishment and is therefore unreasonable.

When a Circuit Court is asked to review a sentence imposed by a district court, it engages in a two-step inquiry. The first step is to consider whether the district court committed "no significant procedural error" during the sentencing proceeding. *Gall,* 552 U.S. at 51. Significant procedural errors include "failing to

8

calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Id*. It is only after determining that the district court committed no significant procedural error that a Circuit Court can then look to the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In this case, Mr. McRae contends that the district court's sentencing procedure was proper, but it imposed a substantively unreasonable sentence.

The district court relied almost exclusively on Mr. McRae's prior crimes as the basis for its sentence. It further stated that in imposing a sentence of 169 months' incarceration, it believed that Mr. McRae would be too elderly to commit future offenses. If protecting the community from the potential future crimes of Mr. McRae was its main aim, the sentence imposed in this case is in excess of a reasonable sentence.

At the time of sentencing, Mr. McRae was 54 years old. JA at 26. There was also evidence before the district court that Mr. McRae was in poor health. Mr. McRae reported a variety health problems ranging from a permanent wrist disability, high blood pressure, high cholesterol, and both upper and lower back problems. JA at 38-39. This evidence, though self-reported by Appellant, was not contradicted by the Government.

9

As argued by Mr. McRae in his Memorandum in Support of Sentencing, the National Institute of Corrections reported that elderly inmates, defined as those 50 or older, were likely to experience a speeding up of the aging process due to the stresses of being in prison. Anno, B, Jaye et. al, Correctional Health Care (2004) at 7-8, JA at 53. Elderly inmates who are in poor health upon entering the Bureau of Prisons would undoubtedly feel these effects even more.

If the district court had imposed the 120-month sentence requested by Mr. McRae, he would have been over 60 years old after his release. Given the Bureau of Prisons' lack of specialized resources for inmates such as Mr. McRae, he would certainly be of advanced enough years to no longer pose a threat to the community, especially in light of his pre-existing health problems.

In addition to Mr. McRae's requested sentence of 120 months' incarceration being "sufficient, but not greater then necessary", 18 U.S.C. § 3553(a), to address the district court's concerns, the 169-month sentence was also unreasonable in light of the scant attention it paid to Mr. McRae's long history of trauma and related mental health issues. Mr. McRae's past, as documented by Ms. Reid's report, was not simply one of a long, consistent descent into drug use and crime.

Rather, Mr. McRae had been able to stop using drugs, maintain stable employment, and raise a family. The district court, rather than viewing the Appellant's past success as a sign he could achieve this level of functioning in the

10

future, saw Mr. McRae's return to drug use and crime as a basis for increasing its punishment of Mr. McRae. JA at 22. In the context of Mr. McRae's traumatic upbringing, his earlier period of extended period of sobriety, even without the treatment of his underlying mental health issues, suggested that with the proper treatment, he has a positive prognosis for returning to a law-abiding life.

In commenting on the task of a sentencing court, the Supreme Court noted that sentencing should be viewed "as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment." *Gall*, 552 U.S. at 52 (*quoting Koon v. United States*, 518 U.S. 81, 98 (1996)). The district court, in sentencing Mr. McRae, viewed his failings as ones that should have magnified the punishment. In the context of Mr. McRae's age, declining health, traumatic upbringing, and past sobriety, this was unreasonable. The evidence and arguments presented at sentence supported the imposition of a downwardly variant sentence. The district court's failure to do so was unreasonable.

## CONCLUSION

For the reasons detailed above, this Honorable Court should vacate the district court's sentence and remand this case for a new sentencing proceeding.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34, undersigned counsel requests that this case be set for oral argument.

Respectfully submitted,


/s/_____
Andrew R. Szekely
The Law Offices of Andrew R. Szekely, LLC
7501 Greenway Center Drive
Suite 460
Greenbelt, MD 20770
301-358-1048

## CERTIFICATE OF COMPLIANCE

    This brief has been prepared in 14-point Bell MT font. Exclusive of the cover page, table of contents, table of authorities, and certificates of compliance and service this brief contains 2,626 words.

/s/_____
Andrew R. Szekely

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2013, the foregoing Appellant's Opening Brief was filed with the Clerk, U.S. Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

James A. Crowell, IV
OFFICE OF THE UNITED STATES ATTORNEY
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770-1249
james.a.crowell@usdoj.gov
Counsel for Appellee

/s/_____
Andrew R. Szekely